IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BIGLER LP; | § | C.A. NO. 09-38188 |
| BIGLER LAND, LLC; | § | C.A. NO. 09-38189 |
| BIGLER PETROCHEMICAL, LP; | § | C.A. NO. 09-38190 |
| BIGLER PLANT SERVICES, LP; | § | C.A. NO. 09-38192 |
| BIGLER TERMINALS, LP | § | C.A. NO. 09-38194 |
| | § | |
| Debtors | § | (Chapter 11) |
| | § | |
| | § | Jointly Administered Under |
| | § | C.A. No. 09-38188 |

| | | |
|---|---|---|
| AMEGY BANK NATIONAL ASSOC. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adv. Pro. No. 10-03304 |
| | § | |
| Brazos M&E, Ltd., et al. | § | |
| | § | |
| Defendants | § | |

**SHAW MAINTENANCE, INC.'S ANSWER AND COUNTERCLAIM IN RESPONSE TO AMEGY BANK NATIONAL ASSOCIATION'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT AND TO DETERMINE EXTENT, VALIDITY AND PRIORITY OF M&M LIENS [Doc. 1]**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

SHAW MAINTENANCE INC. ("Shaw") presents this Answer and Counterclaim in Response to Amegy Bank National Association's Original Complaint for Declaratory Judgment and to Determine Extent, Validity and Priority of M&M Liens ("the Complaint") [Doc. 1] as follows:

# I. ANSWER

## A. Specific Admissions and Denials

1. Shaw admits the allegations of paragraph 1 of the Complaint.

2. Shaw admits the allegations of paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint calls for neither admission or denial.

4. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 4 of the Complaint.

5. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 5 of the Complaint.

6. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 6 of the Complaint.

7. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 7 of the Complaint.

8. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 8 of the Complaint.

9. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 9 of the Complaint.

10. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 10 of the Complaint.

11. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 11 of the Complaint.

12. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 12 of the Complaint.

13. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 13 of the Complaint.

14. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 14 of the Complaint.

15. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 15 of the Complaint.

16. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 16 of the Complaint.

17. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 17 of the Complaint.

18. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 18 of the Complaint.

19. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 19 of the Complaint.

20. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 20 of the Complaint.

21. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 21 of the Complaint.

22. Shaw admits the allegations of paragraph 22 of the Complaint.

23. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 23 of the Complaint.

24. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 24 of the Complaint.

25. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 25 of the Complaint.

26. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 26 of the Complaint.

27. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 27 of the Complaint.

28. Shaw admits the allegations of paragraph 28 of the Complaint.

29. Shaw admits the allegations of paragraph 29 of the Complaint.

30. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 30 of the Complaint.

31. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 31 of the Complaint.

32. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 32 of the Complaint.

33. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 33 of the Complaint.

34. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 34 of the Complaint.

35. Shaw admits the allegations of paragraph 35 of the Complaint.

36. Shaw denies the allegations of paragraph 36 of the Complaint to the extent that Shaw, and possibly other named defendants, possess certain superior liens and associated claims, as a matter of law. While the Bigler entities may have offered and granted Amegy consensual liens that the Bigler entities and Amegy agreed would be first priority, superior liens, Shaw never agreed that any superior lien it might possess by operation of law would be subordinated to any consensual liens claimed by Amegy.

37. Shaw admits the allegations of paragraph 37 insofar as the allegations pertain to Shaw and its mechanic's lien. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 37 as pertain to the other defendants.

38. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 38 of the Complaint.

39. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 39 of the Complaint.

40. Shaw admits the allegations of paragraph 40 to the extent they apply to Shaw.

41. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 41 of the Complaint.

42. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 42 of the Complaint.

43. Shaw admits the allegations of paragraph 43 of the Complaint to the extent the allegations pertain to Shaw.

44. Shaw admits the allegations of paragraph 44 of the Complaint to the extent the allegations pertain to Shaw.

45. Shaw admits the allegations of paragraph 45 of the complaint.

46. Shaw admits, upon information and belief, the allegations of paragraph 46 of the Complaint.

47. Shaw admits, upon information and belief, the allegations of paragraph 47 of the Complaint.

48. Shaw admits the allegations of paragraph 48 of the Complaint.

49. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 49 of the Complaint.

50. Shaw has insufficient information or personal knowledge to either admit or deny the allegations of paragraph 50 of the Complaint.

51. Paragraph 51 calls for neither admission nor denial. It simply reflects Amegy's belief. To the extent that paragraph 51 calls for admission or denial, Shaw admits, upon information and belief, that Amegy denies defendants supplied or installed removables and that they have a lien upon removables.

52. Shaw admits the allegations of paragraph 52 insofar as they pertain to Shaw.

53. Shaw denies the allegations of paragraph 53 of the Complaint as pertains to Shaw. Specifically, Shaw submitted a written pre-auction sale bid for its removables which written bid was accompanied by a list itemizing pipe supplied and installed by Shaw. Additionally, at the auction sale when Shaw issued a credit bid for its process pipe Shaw's counsel offered to anyone in attendance-including Amegy's counsel and representatives-to the detailed list of the pipes supplied

and installed by Shaw. Upon information and belief Halgo Power and Contech Control Services also identified the removables they contend to have a lien against.

54. Shaw denies the allegations of paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint calls for neither admission nor denial.

56. Shaw admits the allegations of paragraph 56 of the Complaint.

57. Shaw denies the allegations of paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint calls for neither admission nor denial.

59. Shaw denies the allegations of paragraph 59 of the Complaint to the extent such allegations claim Amegy possesses a "first priority" lien against the property constituting the removables against which Shaw claims a lien.

60. Paragraph 60 of the Complaint calls for neither admission nor denial.

### B. Affirmative Defenses

61. Shaw would show that it never granted nor consented to any superior liens in favor of Amegy Bank National Association, and superior to any lien rights of Shaw. Indeed, and to the contrary, when debtors sought to award Amegy a blanket senior and superior lien on all debtors' property through cash collateral and post-petition finance orders, Shaw objected, as did other mechanic's lien claimants. As a consequence, the cash collateral and post-petition financing order was modified such that it does not automatically grant Amegy Bank liens superior to those of mechanic's lien claimants.

62. Additionally, Shaw submits that Amegy's liens are or should be subordinated to Shaw's lien. Evidence presented throughout the course of the Bigler Chapter 11 proceeding establishes that Bigler undertook a massive renovation of its facility in Harris County, Texas during

2008-2009.  During that time period Amegy had a close relationship with Bigler and had actual knowledge that multiple vendors were providing goods and services to the construction of the improvements at the Bigler facility.  As holder of a consensual lien against the Bigler facilities Amegy was aware that these renovations and improvements to Bigler's facility would likely benefit Amegy by increasing the value of Amegy's collateral (the Bigler facilities).  However, Amegy knew or should have known that Bigler was or would be unable to pay the vendors, subcontractors and suppliers supplying goods and services for the construction of the improvements at the Bigler facilities yet Amegy did nothing to alert the subcontractors, suppliers and vendors supplying goods and services that Bigler would be unable to pay.  Under various equitable doctrines, including but not limited to laches, estoppel and unjust enrichment, Amegy is or should be barred from asserting that its liens have priority over Shaw's rights and interests in and to the removable process piping is supplied and installed.

## II. SHAW'S COUNTERCLAIM FOR DECLARATORY JUDGMENT

63.     Pursuant to the contract between Shaw and one or more of the Bigler entities Shaw, among other services, fabricated and installed processed piping at the debtors' HPIB plant which, upon information and belief, is interconnected with the debtors' Terminal.  Debtors failed to pay Shaw more than $1.4 million under the contract, although Shaw performed the services and provided the materials contracted for.

64.     Upon debtors' failure to pay, Shaw timely perfected its statutory and constitutional mechanic's and materialmen's liens against the project for which it had provided services and materials.  As acknowledged by Amegy in the Complaint, Shaw filed its Affidavit for Mechanic's and Materialmen's lien on or about September 14, 2009 in the amount of ONE MILLION FOUR

HUNDRED THOUSAND FIVE HUNDRED FORTY FOUR DOLLARS and 99/100 ($1,400,544.99).

65. Article 16 of the Texas Constitution provides that an original contractor (as contrasted with subcontractors) is entitled to a lien to secure payment for services and materials provided. Texas lien law further provides that an original contractor's lien upon "removables" that it supplied is superior even to a pre-existing consensual lien. *See First National Bank v. Whirlpool Corp.*, 517 S.W.2d 262 (Tex. 1974). To constitute a "removable" the item must be capable of being removed from the property without destruction of the removable or the real estate.

66. The process pipe which Shaw claims to be a removable subject to its superior lien is above ground and can be dismantled and removed without destruction of the real estate, the HPIB plant or the pipe itself. While removal of the process pipe would render the HPIB plant inoperable until such time as the pipe is replaced, that is not the measure or test for determining if an item is "removable."

67. The evidence will show that the process pipe supplied by Shaw to Bigler satisfies the elements of Texas law to constitute "removables." Accordingly, by this Counterclaim Shaw seeks a declaratory judgment that the process pipe that it fabricated, supplied and installed at debtors' facility is removable and that Shaw, as an original contractor supplying and installing that removable process pipe, has a superior lien and claim to that removable process pipe. Additionally, pursuant to Section 53.156 of the Texas Property Code Shaw seeks and claims entitlement to recovery of its reasonable attorney's fees and costs incurred in connection with this proceeding.

WHEREFORE, SHAW MAINTENANCE, INC. prays that AMEGY BANK NATIONAL ASSOCIATION be denied a declaratory judgment that it has a superior lien upon the removable

processed pipe supplied by Shaw; that this Court enters Declaratory Judgment that the process pipe is indeed removable and that Shaw, as original contractor has a superior lien and claim in and to the pipe; that this Court determine that Shaw's mechanic's lien is validly perfected; that this Court award Shaw its reasonable attorney's fees and costs incurred in connection with this proceeding; and, for such other relief to which it may be justly entitled.

Respectfully submitted,

COKINOS, BOSIEN & YOUNG:

/s/ Craig E. Power
CRAIG E. POWER
Bar No. 16210500
LISA M. NORMAN
Bar No. 24037190
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
(713)535-5500
Fax (713)535-5533

F:\WPDOCS\3862004\Pleadings\cep Ans & CC-Amegy Bank.wpd

**CERTIFICATE OF SERVICE**

      I certify that this paper was filed electronically via the ECF system, on the 6th day of August, 2010, and that, accordingly, all parties entitled to notice will receive notice electronically of the filing.

Cynthia A. Holub
James Matthew Vaughn
Porter & Hedges, L.L.P.
1000 Main St., 36th Floor
Houston, Texas 77002

Tom Kirkendall
Law Office of Tom Kirkendall
2 Violetta Ct.
The Woodlands, TX 77381-4550

Angela Kaili Speight
Stibbs & Co., P.C
819 Crossbridge Drive
Spring, TX 77373

Lawrence J. Maun
Lawrence J. Maun, PC
9800 Richmond Avenue, Suite 520
Houston, TX 77042

Dale Jefferson
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis, Suite 1800
Houston, TX 77002

T. Michael Neville
2040 North Loop West, Suite 102
Houston, TX 77018-8109

Steve M. Williard
The Willard Law Firm, LP
1920 N. Memorial Way, Suite 207
Houston, TX 77007

Timothy J. McDavid
1913 Morse St.
Houston, TX 77019

C. Larry Carbo III
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith St., Ste 1400
Houston, TX 77002

Gregory S. Meece
Allison D. Byman
Thompson & Knight, LLP
333 Clay St., Suite 3300
Houston, TX 77002

David Elder
Gardere Wynne Sewell LLP
1000 Louisiana, Ste 3400
Houston, TX 77002

Harry M. Thomson, Jr.
5027 Hartwell
Houston, TX 77084

/s/ Craig E. Power
CRAIG E. POWER