IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | |
| BIGLER LP; | § | Case No. 09-38188 |
| BIGLER LAND, LLC; | § | Case No. 09-38189 |
| BIGLER PETROCHEMICAL, LP; | § | Case No. 09-38190 |
| BIGLER PLANT SERVICES, LP; | § | Case No. 09-38192 |
| BIGLER TERMINALS, LP | § | Case No. 09-38194 |
| | § | |
| Debtors | § | |
| | § | |
| | § | |
| Amegy Bank National Association | § | Adversary Proceeding No. 10-03304 |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| Brazos M&E, Ltd., *et al.*, | § | |
| Defendants | § | |

## CONTECH CONTROL SERVICES, INC.'S ANSWER

COMES NOW Contech Control Services, Inc., ("Contech") and files this Answer to *Complaint for Declaratory Judgment and to Determine Extent, Validity and Priority of M & M Liens*, and in response thereto states:

1.  Contech admits the allegations set forth in Paragraphs 1 through 3 of the Complaint.

2.  Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations of Paragraphs 4 through 7 of the Complaint and therefore denies those allegations.

3, Contech admits the allegations of Paragraph 8 of the Complaint.

4. Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations of Paragraphs 9 through 27 of the Complaint and therefore denies those allegations.

5. Contech admits the allegations set forth in Paragraphs 28 and 29 of the Complaint.

6. Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations of Paragraphs 30 through 34 of the Complaint and therefore denies those allegations.

7. Contech admits the allegations in Paragraph 35 of the Complaint.

8. Paragraph 36 of the Complaint states various legal conclusions to which no responsive pleading is required. To the extent a response is required, Contech denies the allegations of Paragraph 36.

9. Paragraph 37 contains a conclusionary statement "long after" which is indefinite and undefined and therefore Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of that allegations and therefore denies it. To the extent the allegation in Paragraph 37 refers to Contech's M & M lien and constitutional lien, Contech admits the allegation. Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations made with respect to other liens referred to in Paragraph 37 and therefore denies those allegations.

10. Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations of Paragraphs 38 through 39 of the Complaint and therefore denies those allegations.

11,      Contech admits that it filed a Proof of Claim in the Bankruptcy case as alleged in Paragraph 40 of the Complaint, but is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations concerning other Proofs of Claim that may have been filed in the bankruptcy case.

12.      Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations of Paragraph 41 of the Complaint and therefore denies those allegations.

13.      Contech denies that its lien affidavit only alleges a statutory M & M lien as asserted in Paragraph 42 of the Complaint.  Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations of Paragraph 42 with respect to other liens that may have been filed.

14.      Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations of Paragraph 43 of the Complaint and therefore denies those allegations.

15.      Contech admits that it contends it has a lien upon Debtor's removables as alleged in Paragraph 44 of the Complaint.  With respect to the balance of the allegations in Paragraph 44 Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of those allegations.

16.      Contech admits the allegations of Paragraphs 45 through 48 of the Complaint.

17.      Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations of Paragraphs 49 and 50 of the Complaint and therefore denies those allegations.

18.     Paragraph 51 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required Contech denies the allegations of Paragraph 51 of the Complaint.

19.     Contech admits the allegations of Paragraph 52 of the Complaint to the extent it may reference some of the removables installed by Contech.  Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations of Paragraph 52 of the Complaint regarding removables installed by other defendants and therefore denies those allegations.

20.     Contech denies the allegations contained in Paragraphs 53 and 54 of the Complaint.

21.     Contech incorporates and states by reference its responses to Paragraphs 1 through 54 of the Complaint with respect to the allegations in Paragraph 55 of the Complaint.

22,     Contech admits the allegations of Paragraph 56 of the Complaint to the extent those allegations apply to Contech with respect to its removables.  Contech is without sufficient knowledge or information to form an opinion as to the truth or falsity of the allegations of Paragraph 56 of the Complaint relating to other Defendants.

23.     Paragraph 57 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required Contech denies the allegations of Paragraph 57 of the Complaint.

24.     Contech incorporates and states by reference its responses to Paragraphs 1 through 57 of the Complaint with respect to the allegations in Paragraph 58 of the Complaint.

25.     Contech denies that Amegy has lien priorities over the M & M lien of Contech

with respect to removables as alleged in Paragraph 59 of the Complaint.

26.     With respect to Paragraph 60 of the Complaint, Contech admits that the Court can determine the validity, extent and priority of Contech's liens, including its lien on removables, but denies that any Amegy lien is superior to the Contech lien on its removables.

27.     To the extent Amegy has liens on the removables installed by Contech for the HPIB project they are subordinate to the removables lien of Contech.

28.     Amegy had knowledge that the Bigler entities had insufficient funds to pay for the HPIB project and that the construction vendors, including Contech, were not being paid. Upon information and belief Amegy also had knowledge that liens were being filed by the current M & M lien holders referred to throughout the Complaint, yet Amegy did nothing. It acquiesce to this enhancement of its collateral to the detriment of the M & M lien holders without making any effort to notify the M & M line holders of the dire financial straits of the Debtors. As a result Amegy has been unjustly enriched and in spite of unclean hands now attempts to circumvent rights given to the removable lien holders under the Texas Constitution.

29.     Amegy's alleged lien on Contech's removables should be subordinated pursuant to 11 U.S.C. §510 or alternatively by the Court pursuant to its equitable powers under 11 U.S.C. § 105.

## COUNTERCLAIM

30.     Contech installed wiring, cable and conduit installed to support existing and replaced electrical devices, (the "removables") all of which constitute removables under Texas law. Contech was an original contractor and contracted with the owner of the property upon which these removables were installed. The Texas Constitution gives Contech a constitutional

lien on these removable for which Contech is entitled to be paid or to remove from the premises where installed.

31. Contech seeks a declaratory judgment that the removables are subject to Contech constitutional lien, that such lien is superior to all other liens including the lien asserted by Amegy in its complaint on these removables.

32. Further, Contech seeks reimbursement for its reasonable and necessary attorney's fees and cost incurred in this lawsuit as provided for under Texas law.

WHEREFORE, Contech requests that the Court deny all relief requested by Amegy in its Complaint, declare that Contech has a perfected superior lien on removables installed by Contech for the HPIB project, and award Contech it reasonable and necessary attorneys fees and costs incurred in defending this action.

        Respectfully submitted,

        LAWRENCE J. MAUN, P. C.

        By: /s/ Lawrence J. Maun
        LAWRENCE J. MAUN
        State Bar No. 13235900
        4545 Mt. Vernon Street
        Houston, Texas 77006
        Telephone: (713) 521-2560
        Facsimile: (713) 481-0831
        lmaun@maunlaw.com

        COUNSEL FOR CONTECH CONTROL SERVICES, INC

**CERTIFICATE OF SERVICE**

 This is to certify that on this 6th day of August, 2010, a true and correct copy of the above and foregoing document was either sent by United States mail, postage prepaid or electronically via the ECF system to the below listed persons or entities and those persons or entities requesting service via the ECF system.

 /s/ Lawrence J. Maun
 LAWRENCE J. MAUN

John Matthew Vaughn
Cynthia A Holub
Porter & Hedges, L.L.P.
1000 Main Street, 36th Floor
Houston, TX 77002