IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| BIGLER LP | § | Case No. 09-38188 |
| BIGLER LAND, LLC | § | Case No. 09-38189 |
| BIGLER PETROCHEMICAL, LP | § | Case No. 09-38190 |
| BIGLER PLANT SERVICES, LP | § | Case No. 09-38192 |
| BIGLER TERMINALS, LP | § | Case No. 09-38194 |
| | § | |
| Debtors | § | Chapter 11 |
| | § | |
| | § | JOINTLY ADMINISTERED |
| | § | UNDER CASE NO. 09-38188 |
| _____ | | |
| Amegy Bank National Association | § | |
| Plaintiff | § | |
| | § | Adversary Proceeding |
| Brazos M&E, Ltd., et al | § | No. 10-03304 |
| Defendants | § | |

## LCS CONSTRUCTORS, INC.'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND TO DETERMINE EXTENT, VALIDITY AND PRIORITY OF LIENS

LCS CONSTRUCTORS, INC. ("LCS") files this Answer to the Complaint for Declaratory Judgment and to Determine Extent, Validity and Priority of M&M Liens, and in response to the correspondingly numbered paragraphs of the Complaint, answers as follows:

1–3.   LCS admits the allegations contained in paragraphs 1 through 3 of the Complaint.

4- 15.   LCS does not have sufficient information to admit or deny the allegations set forth in paragraphs 4 through 15 of the Complaint.

16.   LCS admits the allegations set forth in paragraph 16 of the Complaint.

17-27. LCS does not have sufficient information to admit or deny the allegations set forth in paragraphs 17 through 27 of the Complaint.

28-29. LCS admits the allegations set forth in paragraphs 28 and 29 of the Complaint.

30-34. LCS does not have sufficient information to admit or deny the allegations set forth in paragraphs 30 through 34 of the Complaint.

35. LCS admits the allegations set forth in paragraph 35 of the Complaint.

36. LCS does not have sufficient information to admit or deny the allegations set forth in paragraph 36 of the Complaint.

37. LCS admits the allegations in paragraph 37 (12) to the extent it describes the lien affidavit filed and recorded by LCS. LCS does not have sufficient information to admit or deny the remaining allegations set forth in paragraph 37 of the Complaint with respect to lien affidavits filed and/or recorded by other defendants.

38-39. LCS does not have sufficient information to admit or deny the allegations set forth in paragraphs 38 through 39 of the Complaint.

40. LCS admits that it filed a proof of claim in this bankruptcy case, but does not have sufficient information to admit or deny whether the other defendants listed in paragraph 40 have in fact filed proofs of claim.

41. LCS does not have sufficient information to admit or deny the allegations set forth in paragraph 41 of the Complaint.

42. LCS does not have sufficient information to admit or deny the allegations set forth in paragraph 42 of the Complaint.

43. LCS admits that it filed lien affidavits claiming both statutory and constitutional M&M liens, but does not have sufficient information to admit or deny whether the other defendants listed in paragraph 43 have in fact filed lien affidavits claiming both statutory and constitutional M&M liens.

44. LCS does not have sufficient information to admit or deny the allegations set forth in paragraph 44 of the Complaint, but contends that it has a lien on Debtors' removables.

45-48. LCS admits the allegations contained in paragraphs 45 through 48 of the Complaint relating to the Motion to Sell Assets filed in Bigler's bankruptcy case and the objections filed thereto.

49. LCS does not have sufficient information to admit or deny the allegations set forth in paragraphs 49 of the Complaint.

50. LCS admits that it may assert that it has a lien on Debtor's removables, but does not have sufficient information to admit or deny the allegations set forth in paragraph 50 of the Complaint as to the other defendants.

51. No response is required as a matter of law to paragraph 51 of the Complaint which recites Amegy's legal position.

52. LCS does not have sufficient information to admit or deny the allegations set forth in paragraph 52 of the Complaint.

53. LCS does not have sufficient information to admit or deny the allegations set forth in paragraph 53 of the Complaint, but contends that it has a lien on Debtor's removables.

54. LCS denies the allegations in paragraph 54 of the Complaint as it concerns LCS's removables, but does not have sufficient information to admit or deny the allegations set forth in paragraph 54 of the Complaint as to the removables of other defendants.

55-57. LCS denies the allegations set forth in paragraphs 55 through 57 of the Complaint, to the extent that they assert that Amegy's liens are superior to LCS's liens on removables. LCS admits that it has asserted, or will assert, that its M&M liens are superior to Amegy's liens.

58-60. LCS denies the allegations set forth in paragraphs 58 through 60 of the Complaint, to the extent that they assert that Amegy's liens have priority over the M&M lien of LCS with respect to removables. LCS admits that this Court can determine the validity, extent, and priority of the liens asserted by LCS and Amegy.

61. <u>Request for Relief</u>. Upon final hearing of this adversary proceeding, LCS respectfully requests that this Court (i) deny all relief sought in the Complaint against LCS; (ii) enter a judgment declaring that LCS has a perfected lien on its removables; (iii) enter judgment declaring that LCS's lien on removables is superior to Amegy's liens; and (iv) enter a judgment awarding LCS its reasonable attorney's fees in defending this action.

Respectfully submitted,

/s/Harry M. Thomson, Jr.
HARRY M. THOMSON, JR.
Attorney at Law
State Bar No.19963050
5027 Hartwell
Houston, Texas 77084
(281) 858-8488
(281) 463-0558 Facsimile
hmthomson@comcast.net

        Attorney for Defendant
        LCS CONSTRUCTORS, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing has been sent to all counsel of record on the Master Service List via the Court's ECF system on this 6th day of August, 2010, and to Cynthia A. Holub, Porter & Hedges, L.L.P., 1000 Main Street, 36th Floor, Houston, Texas 77002 by first class mail, postage prepaid.

        /s/Harry M. Thomson, Jr.
        HARRY M. THOMSON, JR.